# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-03059-01-CR-S-RED |
| | ) | |
| NELDON NEAL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. The case is before the Court on defendant's Motion to Dismiss the indictment against him because of an alleged violation of his right to a speedy trial under the Interstate Agreement on Detainers Act ["IADA"] [Doc. # 30] . The government has responded to that motion, [Doc. # 32], and defendant has filed a reply to the government's response [Doc. # 33].

Defendant requests that the Court dismiss the indictment against him, pursuant to 18 U.S.C. App. 2, § 2, Article III (a), Article V of the IADA. It is his position that the indictment in this case was returned and filed on or about June 21, 2007. On or about July 3, 2007, the United States Marshal for the Western District of Missouri served him with a Detainer [Exhibit "A"] at his place of incarceration within the Missouri Department of Corrections, where he was serving a fifteen-year sentence. He asserts that he signed the detainer, and specifically requested a speedy trial under the IADA. Defendant contends that the detainer does not reflect the date upon which it was "actually

1

. . . delivered" to the U.S. Attorney's Office by the U.S. Marshal, the triggering event for the 180-day time limitation provided under the IADA. He asserts that the government has represented that it was received "in early August" 2007. It is his position that if the detainer were returned on or about Friday, August 3, 2007, the 180 days would have run on January 30, 2008; if on or about Friday, August 10, 2007, then the 180 days would have run on February 6, 2008, either of which deadline has passed. Therefore, it is his contention that the indictment should be dismissed.

The government contends that, at the time defendant delivered written notice of his request for a speedy trial, he was serving a term of imprisonment and was also awaiting trial in Texas County, Missouri on murder charges. Therefore, it is asserted that "it cannot be said that his request was made 'during the continuance of the term of imprisonment' he was then serving." [Government' Response at 5]. Even assuming, however, that defendant were to be deemed to be serving a sentence of imprisonment under the provisions of the IADA, the government asserts that he was legally unavailable for trial until at least October 2, 2007, and that the 180-day period was tolled up to that date, allowing the government until March 30, 2008, to bring him to trial. Because the Texas County Prosecutor objected to defendant's removal to federal custody until after October 2, 2007, it is the government's position that he was legally and practically unavailable for federal prosecution until that time.

Defendant asserts, in his reply to the government's response, that the plain language of the IADA supports neither interpretation offered by the government. He asserts that he was serving a term of commitment of fifteen years with the state of Missouri Department of Corrections, and there is no evidence that the pendency of the Texas County charges stayed the continuance of his prior DOC commitment, nor that his physical presence in a county jail caused any interruption in the

2

continuance of the time served on that sentence. Additionally, he contends that he was available, as evidenced by the fact that his appearance in federal court from state custody was obtained by a writ of habeas corpus ad prosequendum on December 12, 2007. It is his position that dismissal is mandatory, whether it be with or without prejudice.

Regarding the government's first argument, which is that the IADA does not apply to defendant's case because his request was not made during the continuance of the term of imprisonment he was then serving, the Court believes that, because defendant was subject to a term of imprisonment at the time in question, it should be concluded that the IADA is applicable in this case. He was more than a pretrial detainee on the state law murder charges, and therefore, the law should be found to apply. See United States v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004).

It is clear, moreover, that the Eighth Circuit has held that a defendant awaiting trial is "legally or administratively" unavailable for purposes of the IADA, and that the time spent awaiting trial tolls the 180-day time period. See Young v. Mabry, 596 F.2d 339, 343 (8th Cir.), cert. denied, 444 U.S. 853 (1979). [1]

A review of the record indicates that the detainer paperwork was received some time

---

[1] The Court notes that the "legally unavailable" test has also been adopted by the Seventh Circuit. United States v. Roy, 830 F.2d 628, 635 (7th Cir.1987), cert. denied, 484 U.S. 1068 (1988). By contrast, the Fifth Circuit has determined that a defendant must be physically or mentally incapacitated to be unavailable to stand trial. Birdwell v. Skeen, 983 F.3d 1332, 1340-41 (5th Cir. 1993). The former test has been deemed too broad by some courts, and the latter too narrow. Those courts, the Second, Fourth and Ninth Circuits, have adopted a test that applies the tolling provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)-(9), finding it to be the most sensible method, as well as concluding that the Speedy Trial Act and the IADA serve the same purposes. United States v. Cephas, 937 F.2d 816, 819 (2nd Cir.1991), cert. denied, 502 U.S. 1037 (1992); United States v. Odom, 674 F.2d 228, 231 (4th Cir.), cert. denied, 457 U.S. 1125 (1982), United States v. Collins, 90 F.3d 1420, 1427 (9th Cir. 1996). Recently, a Superior Court in California has adopted the "legally unavailable" test. Netzley v. Superior Court, WL 467079, *3 -8 (Cal.App. 4 Dist.Feb 22, 2008). "We adopt the third interpretation that a prisoner is unavailable to stand trial whenever the prisoner is legally or administratively unavailable as determined by the court having jurisdiction of the case."

3

after July 30, 2007 by the United States Attorney's Office in Kansas City, and forwarded to the Springfield office.  The government represents that it promptly contacted the Texas County Prosecutor and inquired about defendant's availability to face the federal charges in this case.  The prosecutor stated that he expected a trial date for defendant's murder trial to be selected on October 2, 2007, and that he expected the trial to be set out approximately one year.   The prosecutor further indicated that if the federal charges could be disposed of during that time period, he had no objection to the government taking custody of defendant for that purpose.  The date of "10/2" was noted at the top of the paperwork. [Government's Exhibit C].   Defendant was arraigned on the state charges August 7, 2007, and was set for a hearing on a trial setting for October 2, 2007.  On that date, a hearing was held, defendant's motion for change of venue was granted, and his murder case was docketed for trial on September 29, 2008, in Pulaski County.  On November 20, 2007, a motion for writ of habeas corpus ad prosequendum was filed by the government.  Defendant made his first appearance before the undersigned on December 12, 2007.  He was arraigned on January 2, 2008, and on January 20, 2008, the matter was set for a jury trial, to begin on February 20, 2008.  The motion to dismiss was filed on February 8, 2008.

The government asserts that because the Texas Country Prosecutor did object to defendant's removal to federal custody until after October 2, 2007, he was unavailable for federal prosecution until that time, both as a legal and practical matter.  Pursuant to 18 U.S.C., Appendix 2, Section 2, Article VI(a), "the running of [] time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter."  In this case, therefore, it is asserted that the time period would have been tolled until no earlier than October 2, 2007, affording the government until March 30, 2008,

4

to bring defendant to trial.

Defendant contends, however, that he was "available," as evidenced by the fact that his appearance in federal court from state custody was, in fact, obtained by a writ of habeas corpus ad prosequendum.

Given the law in the Eighth Circuit, the Court finds that defendant was legally unavailable to face the federal charges until the issue of the trial setting in his state case had been disposed of, at the request of the Texas County Prosecutor. This conclusion does not offend the purposes of the IADA. The fact that his presence in federal court was ultimately obtained by a writ is not germane to the issue of whether the 180-time period should be tolled because he was legally unavailable before October 2, 2007. Further, it is worth noting that in circuits relying on provisions of the Speedy Trial Act to discern whether the time period should be tolled, the fact that the sending and receiving state acted reasonably was relevant to the courts' decisions. In this case, the delay in issuing the writ and bringing defendant into federal custody was not caused by inaction on the part of the government, nor was it caused by any arbitrary, retaliatory or unlawful action; rather, there was a valid legal reason to maintain defendant in the custody of the Texas County authorities, who had a legitimate interest in not relinquishing custody of defendant until the trial setting had been obtained.

The Court concludes that the 180-day time period should have been tolled until October 2, 2007, and therefore, that the government originally had until March 30, 2008, to bring defendant to trial.[2] It is the finding of the Court that there has not been a violation of the IADA

---

[2] When defendant filed the motion to dismiss, the time period was tolled, which tolling will be in effect until a final order is entered in this case. 18 U.S.C. § 3161(h)(1)(F).

in this case.

Accordingly, the Court finds that it should be recommended that defendant's Motion to Dismiss be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the Motion to Dismiss should be denied.

      /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 03/14/08

6